IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| OBD SENSOR SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>XIRGO TECHNOLOGIES, LLC; XIRGO HOLDINGS, INC.<br><br>Defendants. | CIVIL ACTION NO. 1:25-cv-01943<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff OBD Sensor Solutions LLC ("OBD Sensor Solutions" or "Plaintiff") files this Complaint against Defendants Xirgo Technologies, LLC and Xirgo Holdings, Inc. (collectively, "Defendants") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of the following United States Patent (the "Asserted Patent"):

| U.S. Patent No. | Title | Available at |
|---|---|---|
| 7,146,346 | Fuzzy-Logic On Board Device For Monitoring And Processing Motor Vehicle Operating Data | USPTO.GOV, https://patentcenter.uspto.gov/applications/10172145, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7146346. |

2. OBD Sensor Solutions seeks monetary damages.

## PARTIES

3. OBD Sensor Solutions is a limited liability company organized under the laws of the State of Texas, with a place of business at 815 Brazos Street, Suite 500, Austin, Texas 78701-2509 (Travis County).

4. Based upon public information, Defendant Xirgo Technologies, LLC is a limited liability company organized under the laws of Delaware and is headquartered at 2100 Golf Road, Suite 290, Rolling Meadows, IL 60008.

5. Based upon public information, Xirgo Technologies, LLC may be served through its registered agent at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 190808.

6. Based upon public information, Xirgo Holdings, Inc. is a corporation organized under the laws of Indiana and is headquartered at 2100 Golf Road, Suite 290, Rolling Meadows, IL 60008.

7. Based upon public information, Xirgo Holdings, Inc. may be served through its registered agent at Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 42604.

8. Based upon public information and belief, Xirgo Technologies, LLC and Xirgo Holdings, Inc. are affiliated companies. *See Privacy Notice*, XIRGO (last visited Oct. 30, 2025), https://xirgo.com/privacy-policy/.

9. Based upon public information, Defendants have a place of business at 12110 Sunset Hills Rd, Suite 600, Reston, VA 20190. *See Find Us Worldwide*, XIRGO https://xirgo.com/contact/locations/ (last visited Oct. 30, 2025).

## JURISDICTION AND VENUE

10. OBD Sensor Solutions repeats and re-alleges the allegations in Paragraphs 1-9 above as though fully set forth in their entirety.

11. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

12. Venue is proper against Defendants in this District pursuant to 28 U.S.C. §§ 1400(b)

and 1391(c) because Defendant has maintained an established and regular place of business in this District and has committed acts of patent infringement in this District from that regular and established place of business. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017).

13. Defendants offer products and services, including through the use of the Accused Products defined below, and conduct business in this District.

14. Defendants are subject to this Court's specific and general personal jurisdiction under due process because of Defendants' substantial business in this District, including: (i) at least a portion of the infringements alleged herein; (ii) regularly transacting, doing, and/or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Virginia and this District; (iii) having an interest in, using, or possessing real property and this District; and (iv) having and keeping personal property in Virginia and in this District.

15. Specifically, Defendants intend to do and do business in, have committed acts of infringement in this District directly, through intermediaries, and offers their products or services, including those accused of infringement here, to customers and potential customers located in this state, including in this District, and in the United States.

16. On public information and belief, as discussed above, Defendants own, operate, manage, conduct business, and direct and control the operations and employees of facilities at a location in this district, including, but not limited to, 12110 Sunset Hills Rd, Suite 600, Reston, VA 20190.  *See* ¶ 9, *supra*; *see also* Figure 1, *infra*.



Figure 1, *available at* https://xirgo.com/contact/locations/.

17. Defendants direct and control all activities of their United States offices, including any affiliate companies that work out of any of Defendants' United States offices.

18. Defendants offer products and services and conduct business in this District as described in further detail below.

19. Defendants ship and cause to be shipped into this District infringing products and materials instructing their customers to perform infringing activities and/or to its employees, exclusive and non-exclusive contractors, agents, and affiliates for installation, operation, and service at locations within this District

20. Defendants market, sell, and deliver accused products in this district, and has committed acts of infringement in this District.

## THE ACCUSED PRODUCTS

21. OBD Sensor Solutions repeats and re-alleges the allegations in Paragraphs 1-20 above

as though fully set forth in their entirety.

22. Based upon public information, Defendants make, use, sell and/or offer for sale the following vehicle tracking devices and associated software and applications, which monitor and process information and/or data related to the use and functioning of motor vehicles through use of an on-board diagnostic computer and associated inner network connecting vehicle sensors (the "Accused Products"):

- XT2600;
- XT2400;
- XT2500;
- XT6300;
- XT2060G;
- XT2469A;
- And all other substantially similar products and services offered in the past or the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications (collectively, the "Accused Products").

23. Defendants own, operate, advertise, and/or control at least the website https://xirgo.com/ through which they advertise, sell, offer to sell, promote, provide and/or educate customers about their products, including the Accused Products.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,146,346

24. OBD Sensor Solutions repeats and re-alleges the allegations in Paragraphs 1-23 above as though fully set forth in their entirety.

25. The USPTO duly issued U.S. Patent No. 7,146,346 (the "'346 patent") on December

5, 2006, after full and fair examination of Application No. 10/172,145, which was filed on June 14, 2002. *See* '346 patent at 1.

26. The '346 patent is entitled "Fuzzy-Logic On Board Device For Monitoring And Processing Motor Vehicle Operating Data." *See id.*

27. OBD Sensor Solutions is the exclusive licensee of the '346 patent, with the sole and exclusive right to prosecute this action and enforce the '346 patent against infringers, and to collect damages for all relevant times.

28. The claims of the '346 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of electronic built-in on-board devices and methods for monitoring and processing motor vehicle operating data.

29. The written description of the '346 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the priority date. The '346 patent also identifies and circumscribes all information necessary for a skilled artisan to perform each limitation in the claims in light of that which was known in the art at the priority date.

30. Defendants have infringed the '346 patent by making, using, providing, supplying, selling, offering for sale, or distributing the Accused Products.

31. Defendants have directly infringed, either literally or under the doctrine of equivalents,

at least claim 1 of the '346 patent, as detailed in the claim chart attached hereto as **Exhibit A**.[1]

32. For example, as required in claim 1, the Accused Products, when used by Defendants or a customer, provide an electronic device for monitoring and processing information data related to the use and functioning of motor vehicles through an inner network connecting vehicle sensors, said device comprising, a central processing unit; an integrated data storage connected to the central processing unit; and a network connector operatively connected to the central processing unit and configured to be connected to an inner network of a motor vehicle through a connector used by motor vehicle makers for accessing a vehicle on-board electric system with a diagnostic unit, said device being a stand-alone device cooperating with the vehicle electronic dedicated control units, via said network connector and through said inner network, and processing information data related to use and functioning of the motor vehicle received through said network connector and the inner network from connected vehicle sensors, said data received through said inner network being processed by said central processing unit and performed analysis being stored into said storage; an interface connector providing connection to one of a radio transmitter and a wireless unit; and a front-end device and a bus connecting said network connector to said central processing unit; and a further bus connecting said central processing unit to said storage, wherein said device is coupled, through said on-board network connector, with one of an OBD- and an EOBD connector for interfacing the motor vehicle inner networks with an outside network of said motor vehicle. *See* Ex. A.

33. OBD Sensor Solutions or its predecessors-in-interest have satisfied all statutory

---

[1] For the claim chart that OBD Sensor has included in this Complaint, OBD Sensor cites evidence from both https://xirgo.com/ and https://www.xirgoglobal.com/; upon information and belief, Fleet Connect believes that products sold on https://www.xirgoglobal.com/ are also sold, manufactured, or imported into the United States by Defendants.

obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '346 patent.

34. Plaintiff has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to OBD Sensor Solutions in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

35. Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

36. WHEREFORE, OBD Sensor Solutions requests that the Court find in its favor and against Defendants, and that the Court grant OBD Sensor Solutions the following relief:

   a. Judgment that one or more claims of the Asserted Patent has been infringed, either literally or under the doctrine of equivalents, by Defendants or all others acting in concert therewith;

   b. An award of a reasonable ongoing royalty for future infringement of the '346 patent by such entities;

   c. Judgment that Defendants account for and pay to OBD Sensor Solutions all damages to and costs incurred by OBD Sensor Solutions because of Defendants' infringing activities and other conduct complained of herein;

   d. Pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

   e. That this Court declare this an exceptional case and award OBD Sensor Solutions its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

   f. All other and further relief as the Court may deem just and proper under the

circumstances.

Dated: <u>November 3, 2025</u>    Respectfully submitted,

By: */s/ William R. Poynter*

William R. Poynter (VSB No. 48672)
Caitlin A. Eberhardt (VSB No. 94182)
**KALEO LEGAL**
4456 Corporation Lane, Suite 135
Virginia Beach, Virginia 23462
Telephone: (757) 238-6383
Facsimile: (757) 304-6175
wpoynter@kaleolegal.com

C. Matthew Rozier (CO 46854)*
**ROZIER HARDT MCDONOUGH PLLC**
1001 Bannock Street, Suite 241
Denver, Colorado 80204
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

Jonathan L. Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

James F. McDonough, III (GA 117088)*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

**Attorneys for** *Plaintiff OBD SENSOR SOLUTIONS LLC*

\* *Pro hac vice* admission to be filed